```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,                    :
                                             :
            v.                               :      MEMORANDUM & ORDER
                                             :      22-CR-470 (WFK)
SCOTT KOEPPEL,                               :
                                             :
                        Defendant.           :
------------------------------------------------------------X
```

**WILLIAM F. KUNTZ, II, United States District Judge:**
On January 5, 2023, Scott Koeppel ("Defendant") pled guilty to Counts One and Two of a two-count Information charging him with one count of Willfully Failing to Collect and Pay Taxes, in violation of 26 U.S.C. § 7202, and one count of Willfully Failing to File a Tax Return, in violation of 26 U.S.C. § 7203. The Court now sentences Defendant and provides a complete statement of reasons pursuant to 18 U.S.C. § 3553(c)(2) of those factors set forth by Congress in 18 U.S.C. § 3553(a). For the reasons discussed below, Defendant is hereby sentenced to 3 months of imprisonment, to run concurrently on each count, to be followed by 1 year of supervised release, restitution in the amount of $688,364.96, a $125.00 mandatory special assessment, and a $25,000.00 fine.

## DISCUSSION

### I.   Background

Scott Koeppel ("Defendant") is the owner and operator of Sharp Mechanical, Inc. ("Sharp Mechanical"), a Long Island-based company that provides heating, ventilation, and air conditioning ("HVAC") services. Presentence Investigation Report, ECF No. 13, ¶ 4. Sharp Mechanical does business and employs individuals within the Eastern District of New York. *Id.* As an employer, Sharp Mechanical has a duty to collect, truthfully account for, and pay to the Internal Revenue Service ("IRS") Federal Insurance Contributions Act ("FICA") taxes pursuant to Title 26 of the United States Code. *Id.* ¶ 5. Employers also have a duty to file an Employer's Quarterly Federal Tax Return (Form 941). *Id.* As the owner and operator of Sharp Mechanical, Defendant was required to collect, truthfully account for, and pay FICA taxes. *Id.*

1

From 2016 to 2018, Defendant engaged in a fraudulent scheme to underreport earnings and cash wages paid to Sharp Mechanical employees. *Id.* ¶ 6. During this period, Defendant cashed business receipt checks at a commercial check casher and failed to report those amounts on behalf of the business. *Id.* Defendant then used that cash to pay employees, failing to withhold, account for, or pay any federal income or FICA taxes to the IRS. *Id.* As a result, Defendant filed false Form 941s which underreported the gross wages Sharp Mechanical paid to employees and the number of employees at Sharp Mechanical, resulting in a total of $390,479.10 in unpaid FICA taxes. *Id.* Also during this period, Defendant failed to file Individual Income Tax Returns (Form 1040s), which resulted in the IRS incurring a tax loss of $297,886.00 based on Defendant's failure to pay individual income taxes. *Id.* ¶ 7. In total, the IRS suffered a loss of $688,364.96 due to Defendant's failure to pay FICA and personal taxes. *Id.* ¶ 8.

The Court hereby sentences Defendant and sets forth its reasons for Defendant's sentence using the rubric of the 18 U.S.C. § 3553(a) factors pursuant to 18 U.S.C. § 3553(c)(2).

**II.     Legal Standard**

18 U.S.C. § 3553 outlines the procedures for imposing a sentence in a criminal case. A sentencing court must also consider the Sentencing Guidelines in addition to the seven factors listed in 18 U.S.C. § 3553(a) when making a sentencing decision. The Court has done so in this case.

The Sentencing Guidelines are merely advisory in light of the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 264 (2005). Nevertheless, the Guidelines range is the "starting point and the initial benchmark" for a court evaluating a criminal sentence. *Gall v. United States*, 552 U.S. 38, 49 (2007). "[A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range." *Id.* In this regard, the Guidelines provide

"the framework for sentencing" and "anchor… the district court's discretion." *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1346 (2016) (internal reference and quotation marks omitted).

If and when a district court imposes a sentence outside of the Sentencing Guidelines range, the court "shall state in open court the reasons for its imposition of the particular sentence, and …the specific reason for the imposition of a sentence different from that described" in the Guidelines. 18 U.S.C. § 3553(c)(2). The court must also "state[] with specificity" its reasons for so departing or varying "in a statement of reasons form." *Id.* "The sentencing court's written statement of reasons shall be a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Davis*, 08-CR-0332, 2010 WL 1221709, at *1 (E.D.N.Y. Mar. 29, 2010) (Weinstein, J.).

This Court has considered the applicable Guidelines range as well as the seven factors listed in Section 3553(a). It addresses each in turn consistent with *United States v. Crosby*, 397 F.3d 103, 112 (2d Cir. 2005).

**III.   Analysis**

**The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant**

The first § 3553(a) factor requires the Court to evaluate "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1).

   **1.   Family and Personal Background**

Defendant was born on January 28, 1964, in Brooklyn, New York to the marital union of Ellis and Francis Koeppel. PSR ¶ 31. Defendant grew up in a middle-income household and reported he had a "good and happy childhood devoid of any forms of abuse." *Id.* ¶ 33. However, defense counsel qualifies Defendant's characterization, explaining Defendant actually grew up in "a troubled household, fraught with domestic strife" due to his father's gambling

addiction and infidelity. Def. Mem. at 6-7. Defendant's father is a retired detective with the New York City Police Department and is in good health. PSR ¶ 31. Defendant's mother is also healthy, and is the caregiver for Defendant's brother, who is disabled due to a drug overdose he suffered in 2000. *Id.* ¶ 32. According to defense counsel, Defendant is and has been the primary source of financial support for his brother and mother for decades. Def. Mem. at 5-6. Defendant also has a sister, who is in good health. PSR ¶ 32. Defendant reported he shares close relationships with his parents and sister but has not advised them of his instant conviction. *Id.* ¶¶ 31-32.

Defendant has been married to his wife for over 25 years, and the pair share two children. *Id.* ¶ 34. Defendant's wife described Defendant as an "amazing person" with a "heart of gold" who made a mistake. *Id.* ¶ 35. Defendant's wife also reported she and Defendant are in the process of obtaining a loan on their residence to be able to make a lump sum payment to satisfy Defendant's restitution obligation in this case at the time of sentencing. *Id.* ¶ 34. Defendant's wife is aware of Defendant's conviction and remains supportive of him, but neither Defendant nor his wife have informed their children of Defendant's arrest and conviction. *Id.*

### 2. Educational and Employment History

Defendant graduated from South Shore High School in Brooklyn in 1984. *Id.* ¶ 42. He did not attend college or trade school. *Id.*

Defendant has owned Sharp Mechanical since he opened the business in 2008. *Id.* ¶ 43. Defendant operates Sharp Mechanical from his house, and employs seven individuals who service and install HVAC units. *Id.* Defendant's wife also works for Sharp Mechanical. *Id.* Prior to opening Sharp Mechanical, Defendant was employed by Palone Brothers Air Conditioning in

Brooklyn. *Id.* ¶ 44. Defendant also previously worked at the deli counter at a Brooklyn supermarket. *Id.*

### 3. Prior Convictions

Defendant has no prior criminal convictions. *Id.* ¶¶ 24-26.

### 4. Medical and Mental Health

Defendant reported he was diagnosed with an inactive thyroid in 2018 and with Type 2 Diabetes in 2021. *Id.* ¶ 38. Defendant manages both these conditions with medication. *Id.* Defendant reported feeling anxious and stressed as a result of the instant prosecution, but otherwise reported no mental health issues. *Id.* ¶ 40.

### 5. Substance Abuse

Defendant reported he occasionally smoked marijuana from the time he was a teenager until 2019, but did not report any other illicit substance use or alcohol abuse. *Id.* ¶ 41.

### 6. Nature and Circumstances of the Offense

The Court's previous statements make clear the nature and circumstances surrounding the instant offense. *See supra* at Section I.

### B. The Need for the Sentence Imposed

The second § 3553(a) factor instructs the Court to consider "the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2).

All parties recognize Defendant's offense is serious. The Government argues Defendant engaged in long-term, willful misconduct—rather than a brief lapse in judgment—and thus a Guidelines sentence is appropriate. Gov. Mem. at 4. The Government also claims general deterrence weighs in favor of a Guidelines sentence, arguing general deterrence is an especially important principle in cases such as this one in part because people are particularly likely to be deterred by meaningful sentences in tax fraud cases. *Id.*

Defense counsel argues Defendant recognizes the "harm" his instant offense caused "to the government, and thus, society as a whole." Def. Mem. at 15. Defense counsel further argues a non-incarceratory sentence, in conjunction with the restitution Defendant must make to the Government, would adequately punish Defendant for the instant offense. *Id.* at 15-16. Defense counsel also advocates for a non-incarceratory sentence by highlighting Defendant's lack of criminal history and his purported unlikelihood of reoffending. *Id.* Probation, which also recommends a non-incarceratory sentence, cites Defendant's role as the primary financial earner in his household as a mitigating factor for the Court to consider. Prob. Sentence Recommendation, ECF No. 13-1, at 3.

### C. The Kinds of Sentences Available

The third § 3553(a) factor requires the Court to detail "the kinds of sentences available" for Defendant. 18 U.S.C. § 3553(a)(3).

Defendant pled guilty to one count of Willfully Failing to Collect and Pay Taxes, in violation of 26 U.S.C. § 7202 (Count One), and one count of Willfully Failing to File a Tax Return, in violation of 26 U.S.C. § 7203 (Count Two). Defendant faces various penalties for committing these offenses, including terms of imprisonment and supervised release in addition to fines and a special assessment.

6

Specifically, Defendant faces a maximum term of imprisonment of five years on Count One, and a maximum term of imprisonment of one year on Count Two. 26 U.S.C. § 7202; 26 U.S.C. § 7203. Defendant faces no minimum term of imprisonment on either count. Pursuant to 18 U.S.C. § 3583(b), Defendant faces a term of supervised release of not more than three years on Count One and a term of supervised release of not more than one year on Count Two. On Count One, Defendant is eligible for not less than one nor more than five years of probation, but one of the following must be imposed as a condition of probation unless extraordinary circumstances exist: a fine, restitution, or community service. 18 U.S.C. §§ 3561(c)(1) and 3563(a)(2). On Count Two, Defendant is eligible for up to five years of probation because the offense is a misdemeanor. 18 U.S.C. § 3561(c)(2). Moreover, multiple counts of probation must run currently. 18 U.S.C. §3564(b).

Pursuant to 18 U.S.C. § 3663(a)(3), the Court may impose an order of restitution in the amount of $390,478.96 with regard to Count One, and $297,886.00 with regard to Count Two. Further, the Court may impose a fine of not more than $250,000.00 on Count One and a fine of not more than $100,000.00 on Count Two. 18 U.S.C. § 3571(b). The Court is also required to impose a mandatory special assessment of $100.00 on Count One and of $25.00 on Count Two in accordance with 18 U.S.C. § 3013. In addition to these penalties, Defendant also faces various collateral consequences as a result of his felony conviction. *See* PSR ¶ 65.

### D.   The Kinds of Sentence and the Sentencing Range Established for Defendant's Offenses

The fourth § 3553(a) factor requires the Court to discuss "the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines[.]" 18 U.S.C. § 3553(a)(4)(A).

7

All parties agree on the appropriate Guidelines calculation.  As set forth in the Addendum to the PSR, Probation calculates the Guidelines range is between 18 and 24 months of imprisonment.  PSR Addendum, ECF No. 18, ¶ 2.  Probation explains its calculation as follows:

Counts 1 and 2 are grouped for guideline calculation purposes.  USSG §3D1.2(d).  PSR Addendum ¶ 13.  The guideline for 26 U.S.C. § 7202 (Count 1) offenses is USSG §2T1.6, and the guideline for 26 U.S.C. § 7203 (Count 2) offenses is USSG §2T1.1.  Pursuant to USSG §3D1.3, in the case of counts that are grouped under USSG §3D1.2(d), the offense guideline that has the highest offense level is to be used.  Since the offense level for both Counts 1 and 2 is the same, the offense level for Count 1 is used.  USSG §2T1.6(a) directs the use of the offense level from USSG §2T4.1 corresponding to the tax loss.  As the defendant is accountable for a tax loss of more than $550,000.00, but less than $1,550,000.00, per USSG §2T4.1(H), the base offense level is 20.  PSR Addendum ¶ 14.  However, the offense level is reduced by two levels because Defendant meets the criteria of USSG §§4C1.1(a)(1)-(10), and therefore is a zero-point offender.  PSR Addendum ¶ 20.  Defendant has clearly demonstrated acceptance of responsibility for the offense.  Accordingly, the offense level is decreased by two levels. USSG §3E1.1(a).  Additionally, Defendant's offense level is decreased by one additional level, as the Government intends to make a motion stating that it was notified in a timely manner of Defendant's intention to plead guilty.  Probation therefore calculates Defendant's total offense level as 15.  PSR Addendum ¶ 15.

However, the parties differ in their sentencing recommendations.  Probation recommends a sentence of three years of probation on both Count One and Count Two, to run concurrently to each other.  Prob. Sentence Recommendation at 1.  Probation further recommends the Court order

8

restitution in the amounts of $390,478.96 on Count One and $297,886.00 on Count Two. *Id.* Finally, Probation recommends a $25,000.00 fine payable within 60 days of sentencing. *Id.* Probation explains its recommendation is based in part on the mitigating factor that Defendant is "the primary means of financial support for his household," and that a sentence of incarceration "would likely lead to the closure of his business and would result in the unemployment of his 7 employees, in addition to his wife." *Id.* at 2. Probation also notes Defendant was "immediately cooperative with authorities" in this case, and that he has no criminal history. *Id.*

Defense counsel also urges the Court to impose a sentence of probation, along with "appropriate conditions including the stipulated restitution obligations." Def. Mem. at 3. Such a sentence, defense counsel argues, would allow Defendant "to continue to work, keep [his] business afloat, and earn the income necessary to complete the significant financial conditions of his sentence." *Id.* at 21. Defense counsel further highlights the third parties that would suffer if Defendant were to be incarcerated—including Defendant's wife, children, mother, brother, and employees of Defendant's business. *See generally* Def. Mem. The defense also argues that a probationary sentence would align with sentences imposed on other similarly situated defendants. *Id.* at 19-20.

Unlike Probation and the defense, the Government argues in favor of a sentence within the Guidelines range of 18 to 24 months of imprisonment. Gov. Mem. at 1. The Government argues such a sentence would reflect the fact Defendant's conduct "was not a single lapse in judgment," as "he and his company avoided the obligation to pay hundreds of thousands of dollars in taxes for several years." *Id.* at 4. The Government also argues general deterrence weighs in favor of a Guidelines sentence, as the Guidelines state "[b]ecause of the limited number of criminal tax prosecutions relative to the estimated incidence of such violations, deterring others from violating

9

the tax laws is a primary consideration underlying these guidelines." *Id.* (citing USSG Ch. 2, Pt. T, Intro. Comment).

   **E.**  **Pertinent Policy Statement(s) of the Sentencing Commission**

  The fifth § 3553(a) factor requires the Court to evaluate "any pertinent policy statement . . . issued by the Sentencing Commission." 18 U.S.C. § 3553(a)(5). The parties have not drawn the Court's attention to any pertinent policy statement. Finding none on its own, the Court continues to the next section 3553 factor.

   **F.**  **The Need to Avoid Unwarranted Sentence Disparities**

  The sixth § 3553(a) factor requires this Court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).

  The Court has premised its sentence around the nature and characteristics of *this* Defendant and of the instant crime of conviction. The Court has carefully considered the sentencing options written into the statute and recommended by the Guidelines. In doing so, the Court has ensured the sentence it now imposes will avoid unwarranted sentence disparities.

   **G.**  **The Need to Provide Restitution**

  Lastly, the seventh § 3553(a) factor requires this Court to touch upon "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a)(7). Under USSG § 5E1.1, restitution shall be ordered. Pursuant to the Defendant's plea agreement, the parties recommend the Court impose an order of restitution in the amount of $390,478.96 with regard to Count One, and $297,886.00 with regard to Count Two. In total, this results in a recommended restitution order of $688,364.96.

## IV. CONCLUSION

For the reasons set forth above, the Court determines a sentence of 3 months of imprisonment to be followed by 1 year of supervised release with special conditions, restitution in the amount of $688,364.96, a $125.00 mandatory special assessment, and a $25,000.00 fine is consistent with, and is sufficient but no greater than necessary to accomplish, the purposes of § 3553(a)(2).

The Court expressly adopts the factual findings of the Presentence Investigation Report and its addendum, barring any errors contained therein, to the extent they are not inconsistent with this opinion.

SO ORDERED.

s/ WFK

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: November 17, 2023
Brooklyn, New York